## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cr-30029 |
| | ) | |
| MARGARET DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION[1]

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Margaret Davis'

Motion for Severance of Defendants Pursuant to Fed. R. Crim. P. 14 and

*Bruton v. United States* (d/e 33) (Motion to Sever), and her Motion for

Transfer of Venue to Northern District of Illinois Pursuant to Fed. R. Crim.

P. 21(b) (d/e 35) (Motion to Transfer).

Davis and her co-defendant Tonja Cook are charged with mail fraud,

and Davis is also charged with money laundering.  Indictment (d/e 1).  The

Indictment alleges that Davis was the Program Director and Cook was the

Treasurer of the Chicago Chapter of the Black Nurses Association

(CCBNA).  Both resided in Chicago, Illinois.  The Indictment alleges that

---

[1]These motions are being handled by the undersigned under the general criminal
case management assignment from the Springfield Division U.S. District Judges.  Any
appeal of this opinion is controlled by 28 U.S.C. §636(b)(1)(A).

Davis and Cook engaged in a scheme to defraud Illinois state agencies by securing more than $1,000,000.00 in grants for the CCBNA and then diverting as much as $500,000.00 or more to their own benefit or the benefit of their families, friends and associates. <u>Indictment</u>, ¶ 26. The grant applications were submitted to the Springfield, Illinois, offices of the various agencies, and the checks were disbursed from offices in Springfield, Illinois, and sent to Davis and Cook in Chicago, Illinois. <u>Indictment</u>, Counts 1 through 14. The Indictment further alleges that Davis engaged in money laundering by depositing checks into a bank account and then cashing checks written on that account. <u>Indictment</u>, Counts 15 and 16.

<u>MOTION TO SEVER</u>

Defendant Cook has made incriminating admissions to law enforcement officers. Davis moves to sever her case from Cook because admission of Cook's statements at trial would be prejudicial to Davis. See <u>Bruton v. United States</u>, 391 U.S. 123, 135-37 (1968). The Government states that Cook intends to plead and testify against Davis, so no <u>Bruton</u> problem will arise at trial. If Cook does not plead, the Government will advise the Court and may consent to a severance. The Court, therefore, will reserve ruling on the Motion to Sever at this time. The completion of the anticipated plea of Cook will render the Motion to Sever moot.

Davis argues that she is entitled to a ruling on the Motion to Sever now because she is in the process of preparing for trial and needs to know whether her trial will be severed. The Court disagrees. Davis can prepare for trial now. The Court will not allow a joint trial to proceed that would cause a <u>Bruton</u> problem.[2]

## MOTION TO TRANSFER

Davis moves to transfer the case to the Northern District of Illinois for the convenience of the parties. Fed. R. Crim. P. 21(b). Venue is proper in the District in which the crime was committed. U.S. Const. art. III, § 2 cl. 3; 18 U.S.C. § 3237(a); Fed. R. Crim. P. 18. The Indictment alleges that the crimes were committed in both this District and the Northern District of Illinois. Davis concedes that venue is proper in this District, but asks for a transfer to the Northern District for the convenience of the parties.

Defendant Davis may move this Court to transfer the case to another District "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. P. 21(b). Davis has the burden to prove that the case would be better off transferred to another District. <u>Matter of Balsimo</u>, 68 F.3d 185, 187 (7th Cir. 1995). The Court ordinarily

---

[2]The Government in Response (d/e 51) at page five states: "In the event that circumstances change where it is expected that Defendant Cook would proceed to trial, the government will immediately advise the Court and may consent to a severance."

respects the Government's choice of forum.  <u>United States v. McManus</u>,
535 F.2d 460, 463 (8th Cir. 1976).

The Court considers ten factors in determining whether to transfer
venue for convenience and in the interest of justice:  (1) location of
corporate defendant; (2) location of possible witnesses; (3) location of
events likely to be in issue; (4) location of documents and records likely to
be involved; (5) disruption of defendant's business unless the case is
transferred; (6) expense to the parties; (7) location of counsel;
(8) relative accessibility of place of trial; (9) docket condition of each district
of division involved; and (10) any other special elements which might affect
the transfer.  <u>Platt v. Minnesota Mining & Manufacturing Co.</u>, 376 U.S. 240,
243-44(1964); <u>United States v. Morrison</u>, 946 F.2d 484, 489 n.1 (7th Cir.
1991).  In weighing these factors, no one consideration is dispositive.
<u>Morrison</u>, 946 F.2d at 490 n.1.  If the factors are equally balanced, then the
Court should deny a Rule 21(b) request to transfer venue.  <u>United States v.
Bowdoin</u>, 770 F.Supp.2d 133, 137 (D.D.C. 2011).

The factors are fairly equally balanced in this case.  There is no
corporate defendant, so the first factor is not relevant.  Defendant Davis
resides in Chicago, Illinois, but her residence does not have independent
significance in determining whether a transfer would be in the interests of
justice.  <u>United States v. Zylstra</u>, 713 F.2d 1332, 1336 (7th Cir. 1983)

(quoting <u>Platt</u>, 376 U.S. at 245-46). Davis has health problems, but she has twice secured permission to travel while on bond to attend professional conventions in Indianapolis, Indiana, and Orlando, Florida. <u>Text Orders entered July 11, 2011, and May 22, 2012</u>. Davis, thus, can travel, and so can come to Springfield for trial.

The location of the witnesses will impose an equal burden regardless of whether the trial is in Springfield or Chicago. The Government's investigative witnesses and state agency witnesses reside in this District in or near Springfield, but other witnesses of the alleged fraud reside in the Northern District in or near Chicago.[3] Either way, some witnesses will be required to travel. The burden on either set of witnesses to travel is not that significant. Springfield and Chicago are approximately 200 miles apart, are connected by Interstate 55, and by regular bus, train, and air service. <u>See</u> <u>United States v. McDade</u>, 827 F.Supp 1153, 1189 (E.D. Pa. 1993). The impact on witnesses, thus, does not weigh in favor of either venue.

Davis argues that the location of the witnesses weighs in favor of transfer because she intends to call a number of character witnesses who

_____

[3]Davis cites persuasive authority for the proposition that the effect of venue on government law enforcement officer witnesses is not relevant. The Court respectfully disagrees with those opinions. The Supreme Court and the Seventh Circuit does not draw such distinctions and neither will this Court.

reside in Chicago. Davis argues that character evidence may be a significant factor in her defense. She identifies several healthcare professionals and executives of health-related charitable organizations as potential character witnesses. Defendant Davis' Reply to Government's Response to Motion to Sever Defendants and Transfer Venue (d/e 56), at 14. She argues that these "Chicago-based character witnesses may be considered differently in Springfield than in Chicago, where everything about those witnesses will be better appreciated." Id. She presents no evidence to support the proposition. The Court sees no basis to believe that juries in either location would weigh the character evidence presented by these witnesses differently.

Davis relies on a comment by Justice Murphy in a concurring opinion in United States v. Johnson, 323 U.S. 273, 279 (1944) (Murphy J. concurring). The Johnson case involved an attempt to bring a criminal case in an improper venue. United States v. Johnson, 323 U.S. at 277-78. The Johnson case did not address standard for transfer between two proper venues. The existence of these potential character witnesses does not change the relatively equal impact of the two venues on witnesses.

The location of events is also relatively balanced. Davis and Cook allegedly prepared the fraudulent grant applications in Chicago. After receiving the funds, Davis and Cook allegedly engaged in various acts in

Chicago to divert the money to their own benefit or the benefit of their family, friends, and associates. The money laundering also occurred in Chicago. The grant applications, however, were received, reviewed, and approved in Springfield. The grant funds were also issued from Springfield. The offices that monitored of the use of the grant funds were in Springfield. Thus, relevant events occurred in both locations.

The location of documents and records is relatively balanced. The Government accumulated investigative records both from state agencies in Springfield and from the CCBNA and financial institutions in Chicago. Davis now states that she has her own records in Chicago that she may use in her defense. She told the grand jury that she did not have any records, so there seems to be some discrepancy regarding these records. Regardless, the location of records is not a significant factor in light of the ease with which such records may be stored and transported electronically. See United States v. Balsiger, 644 F.Supp.2d 1101, 1124 (E.D. Wis. 2009). The location of documents, thus, does not affect the outcome of this analysis.

With respect to the fifth factor, the trial will not disrupt any business activity regardless of whether the trial is in Springfield or Chicago. Davis is currently disabled from employment. Defendant Davis' Memorandum in Support of Motion for Transfer of Venue to Northern District of Illinois

Pursuant to Fed. R. Crim. P. 21(b) (d/e 36) (Defendant's Memorandum), at 7 n.2.  Thus, this factor does not weigh in favor of either venue.

The expense to the parties weighs slightly in favor of transfer.  Davis is indigent, so the Government is paying her expenses of trial.  She will, however, have to pay transportation and lodging in Springfield.  She has paid for travel and for registration for two professional conferences while on bond.  See Defendant's Motion to Allow Out-of-District Travel (d/e 21), at 4; Defendant's Motion to Allow Out-of-District Travel (d/e 41), at 2.  Davis, thus, has demonstrated that she has some financial resources to pay for travel and lodging.  It is unclear whether the Government will incur greater costs by paying travel expenses for its agents, attorneys and other Springfield witnesses to travel to Chicago to try the case, or by paying travel expenses for its Chicago witnesses and Davis' witnesses to travel to Springfield.  Regardless, the Government is willing to pay any additional expenses associated with holding the trial in this District.  The cost to the Government does not weigh in favor of either venue.

The location of counsel is not a material factor.  The Asst. U.S. Attorney handling the case resides in this District, and Davis' CJA counsel resides in Madison, Wisconsin.  Madison is approximately 150 miles from Chicago, and 270 miles from Springfield.  Madison is connected to both Springfield and Chicago by Interstate highways.  Thus, Davis' counsel will

be required to travel 120 miles farther to come to Springfield for trial.  The

Government's counsel will be required to travel 200 miles if the case is

transferred to Chicago.  The relative inconvenience to the attorneys of one

venue over the other is not significant.

The final three factors do not weigh in favor of either location.  Both

courts are accessible.  As discussed above, travel between Chicago and

Springfield is relatively easy by automobile, bus, train, or plane.  The

docketing conditions in the two Districts should not affect bringing this

matter to trial,.  Neither party presents any special factors that would affect

the transfer.  Davis discusses facts that she claims somehow constitute

special factors.  <u>See</u> <u>Defendant's Memorandum</u>, at 26-30.  Her arguments

are not persuasive.  Defendant also notes that an unrelated fraud case is

going on in the Northern District even though some of the alleged fraud

occurred in Springfield.  <u>Defendant's Memorandum</u>, at 30-32.  The

existence of another unrelated case in the Northern District does not

constitute a special element that would affect transfer of this case.

The Court  therefore finds that the relevant factors, when viewed in

totality, weigh equally in favor of the this District and the Northern District.

The cost to Davis to travel and stay in Springfield during the trial is the only

factor that weighs slightly in favor of transfer.  This fact would be true for

any defendant charged with committing crimes outside of the district of

residence, and so, does not carry great weight in resolving the issue. Davis' history of travel to professional conferences while on bond also demonstrates that she has some financial ability to cover travel and lodging costs. In light of the totality of the factors to be considered, the Court in its discretion, finds Davis has not met her burden to show that the case would be better off transferred to the Northern District. See Matter of Balsimo, 68 F.3d at 187. The Motion to Transfer is denied.

WHEREFORE Defendant Margaret Davis' Motion for Transfer of Venue to Northern District of Illinois Pursuant to Fed. R. Crim. P. 21(b) (d/e 35) is DENIED, and the Court reserves ruling on Defendant Davis' Motion for Severance of Defendants Pursuant to Fed. R. Crim. P. 14 and *Bruton v. United States* (d/e 33). Telephone conference with all counsel of record set August 1, 2012 at 11:00 a.m. is CANCELLED.

ENTER: July 27, 2012


      *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE